IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA MASSEY-NINO,

       Plaintiff,

    v.

SHAUN DONOVAN, Secretary,
U.S. Department of Housing
and Urban Development,

       Defendant.

Case No. 6:14-cv-00198-AA
OPINION AND ORDER

---

Barbara Massey-Nino
2328 Arthur Drive
Reedsport, Oregon 97467
    Pro se plaintiff

S. Amanda Marshall
Ronald K. Silver
United States Attorneys Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Shaun Donovan, Secretary of the United States Department of Housing and Urban Development ("HUD"), moves to dismiss plaintiff Barbara Massey-Nino's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, defendant's motion is granted and this case is dismissed.

## BACKGROUND

At all relevant times, plaintiff was employed by HUD as a Marketing Specialist. She allegedly underwent extreme job-related stress due to marketing a non-existent product and then subjected to harassment by her supervisors, resulting in permanent mental and physical disabilities. On October 17, 2005, plaintiff was "constructive[ly] discharged." Compl. pg. 3; see also Def.'s Mem. in Supp. of Mot. Dismiss Ex. 2, at 1.[1] On August 5, 2006, plaintiff retired from her position with HUD.

On October 20, 2012, plaintiff submitted a letter to the United States Department of Labor, stating that "[t]here are extenuating circumstances to my delay" in filing a discrimination complaint against defendant, although she stipulated to being "now well-enough . . . to address this claim." Compl. pgs. 22. On June 12, 2013, plaintiff lodged "an informal complaint of

---

[1] Defendant appends a November 12, 2012, letter from plaintiff to the United States Equal Employment Opportunity Commission ("EEOC") Headquarters, an EEOC Counselor report, and publicly-filed documents concerning plaintiff's bankruptcy to its motion. Because plaintiff's complaint refers and/or incorporates these materials by reference, and their authenticity is unquestioned, the Court considers them in evaluating defendant's motion. Sgro v. Danone Waters of N. Am., Inc., 532 F.3d 940, 943 n.1 (9th Cir. 2008) (citations omitted). Further, because plaintiff did not label or sequentially number the exhibits attached to her complaint, the Court refers to the page numbers assigned in the docket.

discrimination" with the EEOC. Id. at pgs. 3, 18. On July 17, 2013, plaintiff engaged in unsuccessful settlement efforts with an EEOC Counselor. On September 19, 2013, plaintiff filed a formal EEOC claim. On January 10, 2014, the EEOC issued a final decision, dismissing plaintiff's complaint as untimely, under 29 C.F.R. § 1614.107(a)(2), because she neglected to initiate contact with an EEOC Counselor within 45 days of the date of the alleged discrimination with no extenuating circumstances.

On February 6, 2014, plaintiff commenced a lawsuit in this Court alleging discrimination based on age and disability, as well as retaliation and constructive discharge, under Section 504 of the Rehabilitation Act. As relief, plaintiff requests $3.5 million in damages. On July 1, 2014, defendant moved to dismiss plaintiff's complaint for failure to exhaust administrative remedies.

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts"

Page 3 - OPINION AND ORDER

to support its legal conclusions. <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011), <u>cert. denied</u>, 132 S.Ct. 2101 (2012).

## DISCUSSION

This dispute hinges on whether plaintiff properly exhausted her administrative remedies through timely consultation with the EEOC. "To preserve her right to maintain a suit alleging employment discrimination against an agency of the United States, a claimant must exhaust her administrative remedies by filing a claim of discrimination with the allegedly offending agency in accordance with published procedures." <u>Leorna v. U.S. Dep't of State</u>, 105 F.3d 548, 550 (9th Cir. 1997) (citation omitted). In the present context, a federal employee must bring a discrimination complaint to the attention of an EEOC Counselor within 45 days of the alleged discriminatory action. <u>Id.</u> at 550-51; <u>see also</u> 29 C.F.R. § 1614.105(a)(1); 29 C.F.R. § 1614.107(a)(2).

Nevertheless, the 45-day time "requirement that a claim of discrimination in violation of the Rehabilitation Act be timely filed with an agency is subject to the doctrine of equitable tolling." <u>Leorna</u>, 105 F.3d at 551; <u>see also</u> 29 C.F.R. § 1614.105(a)(2). "Absent waiver, estoppel, or equitable tolling, failure to comply with [the 45 day] regulation is fatal to a federal employee's discrimination claim." <u>Kraus v. Presidio Trust Facilities Div.</u>, 572 F.3d 1039, 1043 (9th Cir. 2009) (citations and internal quotations omitted); <u>see also</u> <u>Cherosky v. Henderson</u>, 330 F.3d 1243, 1245 (9th Cir. 2003) ("[f]ailure to comply with [29 C.F.R. § 1614.105] is fatal to a federal employee's discrimination claim") (citation and internal quotations omitted).

It is undisputed that plaintiff first contacted the EEOC

Page 4 - OPINION AND ORDER

outside of the requisite time frame. Initially, however, plaintiff contends that "[e]xhaustion of administrative remedies is not required" and, even if it were, such attempts would have been futile as evidenced by "the government's failure to address [her] claims in any substantive way." Pl.'s Resp. to Mot. Dismiss 1.[2] Contrary to plaintiff's assertion, it is well-established that a federal employee seeking redress under the Rehabilitation Act is required to exhaust his or her administrative remedies prior to seeking recourse in federal court. Cherosky, 330 F.3d at 1245; 29 C.F.R. § 1614.105(a)(1); 29 C.F.R. § 1614.107(a)(2). Indeed, "every circuit court to address the issue directly has determined that a federal employee who brings an action under the Rehabilitation Act must exhaust administrative remedies." Bartlett v. Dep't of the Treasury (I.R.S.), 749 F.3d 1, 8 (1st Cir. 2014) (collecting cases). Furthermore, plaintiff could not have been aware of the United States government's alleged indifference to her rights unless and until her complaint was denied after going through the EEOC process, such that her argument regarding futility is unpersuasive. For these reasons, the precedent that she relies on in opposing dismissal is distinguishable. See Pl.'s Resp. to Mot. Dismiss 1 (citations omitted).

Accordingly, the sole issue is whether circumstances exist that would warrant equitable tolling of the period articulated in 29 C.F.R. § 1614.105(a)(1). Plaintiff argues that she was "unable,

---

[2] Ordinarily, new allegations contained in a party's opposition "are irrelevant for Rule 12(b)(6) purposes . . . a court may not look beyond the complaint." Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Nevertheless, in light of plaintiff's pro se status, the Court considers contentions first raised in her response brief.

psychiatrically" to pursue her discrimination claim due to a "nervous breakdown," which created "extenuating circumstances" that prevented, and therefore excused, her from initiating contact with the EEOC within 45 days of the alleged discrimination. Compl. pgs. 4, 10, 22. "Mental illness may toll time to file administrative claim of discrimination, but only if plaintiff has shown that mental disability was so severe that plaintiff was unable to engage in rational thought and deliberate decision making sufficient to pursue her claim alone or through counsel." Bartlett, 749 F.3d at 12 (citations and internal quotations omitted). In other words, mental illness is not a per se reason to toll a statute of limitations: "[t]he burden of demonstrating the appropriateness of equitable tolling for mental illness lies with the plaintiff; in order to carry this burden, she must offer a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." Hughes v. Marshall, 2011 WL 6372784, *5 (N.D.Cal. Dec. 20, 2011) (citation and internal quotations omitted).

Here, plaintiff did not contact the EEOC for more than six years after defendant's allegedly discriminatory conduct ceased. Prior to initiating this contact, but after leaving her position with HUD, plaintiff applied for disability benefits with the Social Security Administration four times; she also managed to successfully file for bankruptcy in January 2007 and discharge her student loans. See Compl. pgs. 17-18, 24-25; see also Def.'s Mem. in Supp. of Mot. Dismiss Ex. 3, at 1-2. The Court recognizes that plaintiff was represented by counsel during her bankruptcy proceedings, although it is unclear whether she retained an

Page 6 - OPINION AND ORDER

attorney or non-attorney representative in regard to her Social Security benefits.[3] In any event, these activities evince that plaintiff possessed rational thought and decision making sufficient to pursue her legal rights when she wanted or believed she needed to. See Pl.'s Resp. to Mot. Dismiss 1 (plaintiff acknowledging that she "pursue[d] other issues" in the intervening years).

Moreover, while she denotes that her disability negatively affected her concentration and ability to speak and write, her complaint and response fail to explain how these limitations impaired her rational thought or decision making. See, e.g., Compl. pgs. 17, 22 ("a complete psychotic episode and collapse [in November 2005], result[ed] in disorganized speech and writing for two years"); see also Pl.'s Resp. to Mot. Dismiss 1 ("it was impossible for me to focus on this action mentally until I did"). The Court accepts, at this stage in the proceeding, plaintiff's allegation that she was and still is experiencing severe mental illnesses as the result of defendant's actions. But she provided no argument or evidence that her mental illness deprived her of the ability to pursue her legal rights and interests, and, as noted above, the record before the Court is to the contrary. See generally Compl.; Pl.'s Resp. to Mot. Dismiss. The complaint's factual allegations concerning defendant's discrimination, as well as the time period following her constructive termination, are also

---

[3] While not dispositive, the Court also notes that plaintiff reported on her in forma pauperis application that she worked in 2007 for Collaborative Leadership, Inc., earning $8,300. See Pl.'s IFP Appl. 2. Additionally, at some unspecified time prior to contacting the EEOC, plaintiff retained an attorney to represent her against defendant, although he ultimately withdrew. See Def.'s Mem. in Supp. of Mot. Dismiss Ex. 1, at 2.

vague and conclusory. Plaintiff therefore fails to carry her burden in establishing the appropriateness of equitable tolling. See Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000) (employee's "vague," general description of her mental illness, which lacked a "particularized explanation as to how her condition adversely affected her capacity" to pursue her legal rights, was "manifestly insufficient to justify equitable tolling").

Even assuming, however, that equitable tolling applies in the case at bar, plaintiff's claim in nonetheless untimely. On October 20, 2012, plaintiff verified that she was well enough to pursue her discrimination claim against defendant. See Compl. pg. 22. On November 12, 2012, plaintiff contacted EEOC Headquarters in Washington, D.C., reiterating that she was well enough to pursue legal action. Id. at pg. 4; see also Def.'s Mem. in Supp. of Mot. Dismiss Ex. 1, at 1. As such, she then had 45 days to file an informal complaint with the EEOC or otherwise notify an EEOC Counselor. See 29 C.F.R. § 1614.105(a)(1). Yet plaintiff waited until June 12, 2013, over seven months later, to do so.[4] See Compl. pgs. 4, 12, 18-19; see also Def.'s Mem. in Supp. of Mot. Dismiss Ex. 2, at 1. Thus, even accepting October 20, 2012, as the date on which plaintiff's discrimination claim accrued, she failed to timely exhaust her administrative remedies.

---

[4] As defendant observes, plaintiff's October 20, 2012, and November 12, 2012, letters cannot be construed as informal claim notice because they were sent to the wrong parties; plaintiff does not challenge or otherwise address this issue here. See generally Pl.'s Resp. to Mot. Dismiss; see also Def.'s Mem. in Supp. of Mot. Dismiss 7 (citation omitted); Compl. pgs. 3-4, 18-19; Def.'s Mem. in Supp. of Mot. Dismiss Ex. 2, at 1, 3-4.

Page 8 - OPINION AND ORDER

**CONCLUSION**

Defendant's motion to dismiss (doc. 14) is GRANTED and this case is DISMISSED.  All pending motions are denied as moot.

IT IS SO ORDERED.

Dated this *10th* of August 2014.

_____
Ann Aiken
United States District Judge